[Cite as *State v. Bennett*, 2011-Ohio-4527.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

   Plaintiff-Appellee

-vs-

DAVID BENNETT

   Defendant-Appellant

JUDGES:
: Hon. W. Scott Gwin, P.J.
: Hon. Sheila G. Farmer, J.
: Hon. Julie A. Edwards, J.
:
:
: Case No. 2010-CA-34
:
:
: O P I N I O N

CHARACTER OF PROCEEDING:  Criminal appeal from the Cambridge
            Municipal Court, Case No. 10TRC01936

JUDGMENT:       Affirmed

DATE OF JUDGMENT ENTRY:  September 6, 2011

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

RONALD C. COUCH      WILLIAM F. FERGUSON
121 West Eighth Street     134 Southgate Parkway

Cambridge, OH  43725                    Cambridge, OH 43725-2324
*Gwin, P.J.*

**{¶1}**   Defendant-appellant David A. Bennett appeals the July 2, 2010 Judgment Entry of the Cambridge Municipal Court overruling his motion to suppress evidence. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}**   On April 6, 2010 at approximately 6:24 p.m. Sergeant Mark Glennon of the Ohio State Highway Patrol was on duty, in uniform and in a marked vehicle patrolling on S.R. 209 in Guernsey County, Ohio.

**{¶3}**   Sergeant Glennon was on S.R. 209 traveling eastbound. That area is a four lane area of highway with two lanes going east and two lanes going west. Sergeant Glennon was behind the vehicle being driven by appellant. As appellant's vehicle crossed a set of railroad tracks, a part of the vehicle's exhaust system fell off and went to the right side of the roadway. Appellant's vehicle moved over to the right lane of S.R. 209 without using a turn signal. Appellant's vehicle then made a right-hand turn onto Country Club Road and again did not use a turn signal.

**{¶4}**   Based upon the failure of the appellant to utilize a turn signal on two separate occasions and further upon observation of a portion of appellant's muffler falling off of appellant's vehicle, Sergeant Glennon decided to stop appellant's vehicle.

**{¶5}**   Appellant was subsequently charged with one count of a per se violation of R.C.  4511.19(A) (1) (D) [Operating a Vehicle While under the Influence of Alcohol or Drugs, a.k.a. OVI]; one count of OVI in violation of R.C. 4511.19(A) (1) (a), one count of Operating a Motor Vehicle Without a Valid License in violation of R.C. 4510.12(A)/

Failure to reinstate a license in violation of R.C. 4510.21 and one count of having a defective exhaust system in violation of R.C. 4513.22(A).

{¶6} On June 25, 2010, defendant-appellant filed a motion to suppress. On June 29, 2010 appellant filed a written consent to have the motion heard by a Magistrate. A hearing on appellant's motion to suppress evidence was held before the Magistrate on June 29, 2010. By Judgment Entry filed June 30, 2010 the Magistrate overruled appellant's motion to suppress. The trial court approved and adopted the decision of the Magistrate by Judgment Entry filed July 2, 2010.

{¶7} On August 24, 2010 appellant pled no contest to one count of OVI in violation of R.C. 4511.19(A)(1)(a) and one count of driving under suspension for having failed to reinstate his license in violation of R.C. 4510.21. The state dismissed the remaining charges. The trial court sentenced appellant to sixty days in jail, six hundred dollars and court costs on the OVI count and ten days in jail, two hundred fifty dollars and costs on the driving under suspension count. The trial court suspended fifty jail days on the OVI count and ran the jail time for both charges concurrent. The trial court further suspended appellant's driver's license for twenty-four months and ordered supervised probation for eighteen months.

{¶8} It is from the trial court's overruling of his motion to suppress that appellant's has timely appealed raising as his sole assignment of error:

{¶9} "I. THE COURT ERRED IN FINDING THAT THE ARRESTING OFFICER HAD A REASON TO STOP THE DEFENDANT AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I.

{¶10} In his sole assignment of error, appellant argues the trial court erred in finding that Sergeant Glennon had a reasonable articulable suspicion to support his stop of the vehicle appellant was driving.  We disagree.

{¶11} At the outset we note that appellant did not object to the decision of the Magistrate. Crim. R. 19(D)(3)(b). Crim. R. 19(D)(3)(b)(iv) provides, "Except for a claim of plain error, a party shall not assign on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Crim. R 19(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Crim. R. 19(D)(3)(b)."

{¶12} As the United States Supreme Court recently observed in *Puckett v. United States* (2009), 129 S.Ct. 1423, 1428, 173 L.Ed.2d 266,  "If an error is not properly preserved, appellate-court authority to remedy the error (by reversing the judgment, for example, or ordering a new trial) is strictly circumscribed. There is good reason for this; 'anyone familiar with the work of courts understands that errors are a constant in the trial process, that most do not much matter, and that a reflexive inclination by appellate courts to reverse because of unpreserved error would be fatal.'" (Citation omitted).

{¶13} "[A]n appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness,

integrity or public reputation of judicial proceedings." *United States v. Marcus* (May 24, 2010), 560 U.S. __, 130 S.Ct. 2159, 2010 WL 2025203 at 4. (Internal quotation marks and citations omitted).

{¶14} "We have previously held that if the defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other constitutional[l] errors that may have occurred are subject to harmless-error analysis. *State v. Hill* (2001), 92 Ohio St.3d 191, 197, 749 N.E.2d 274, quoting *Rose v. Clark* (1986), 478 U.S. 570, 579, 106 S.Ct. 3101, 92 L.Ed.2d 460. Moreover, as we stated in *State v. Perry,* 101 Ohio St.3d 118, 2004- Ohio-297, 802 N.E.2d 643, [c]onsistent with the presumption that errors are not structural, the United States Supreme Court ha[s] found an error to be structural, and thus subject to automatic reversal, only in a very limited class of cases. *Johnson v. United States*, 520 U.S. 461, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (citing *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (complete denial of counsel)); *Tumey v. Ohio*, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927) (biased trial judge); *Vasquez v. Hillery*, 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986) (racial discrimination in selection of grand jury); *McKaskle v. Wiggins*, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984) (denial of self representation at trial); *Waller v. Georgia*, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31(1984) (denial of public trial); *Sullivan v. Louisiana*, 508 U.S. 275, 113 S.Ct. 2078, 124L.Ed.2d 182 (1993) (defective reasonable-doubt instruction). *Wamsley*, supra 117 Ohio St.3d at 391-392, 884 N.E.2d at 48-49, 2008-Ohio-1195 at ¶ 16. [Citations and internal quotation marks omitted].

**{¶15}** "We emphasize that both this court and the United States Supreme Court have cautioned against applying a structural-error analysis where, as here, the case would be otherwise governed by Crim.R. 52(B) because the defendant did not raise the error in the trial court. See *Hill*, 92 Ohio St.3d at 199, 749 N.E.2d 274; *Johnson*, 520 U.S. at 466, 117 S.Ct. 1544, 137 L.Ed.2d 718. This caution is born of sound policy. For to hold that an error is structural even when the defendant does not bring the error to the attention of the trial court would be to encourage defendants to remain silent at trial only later to raise the error on appeal where the conviction would be automatically reversed. We believe that our holdings should foster rather than thwart judicial economy by providing incentives (and not disincentives) for the defendant to raise all errors in the trial court-where, in many cases, such errors can be easily corrected." 101 Ohio St.3d at 124, 802 N.E.2d at 649, 2004-Ohio-297 at ¶23.

**{¶16}** Thus, the defendant bears the burden of demonstrating that a plain error affected his substantial rights and, in addition that the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings. *United States v. Olano* (1993), 507 U.S. at 725,734, 113 S.Ct. 1770; *State v. Perry* (2004), 101 Ohio St.3d 118, 120 802 N.E.2d 643, 646. Even if the defendant satisfies this burden, an appellate court has discretion to disregard the error. *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240; *State v. Long (*1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus*; Perry,* supra, at 118, 802 N.E.2d at 646.

**{¶17}** The condition that "the error affect the appellant's substantial rights," requires the error to be prejudicial, meaning that there is a reasonable probability that the error affected the trial's outcome, not that there is "*any possibility,*" however remote,

that the jury could have convicted based exclusively on evidence. Further, to be revisable as plain error, the failure to grant the motion to suppress must meet the criterion that "the error seriously affect[t] the fairness, integrity or public reputation of judicial proceedings." *Puckett, supra,* at ----, 129 S.Ct. 1423 (internal quotation marks omitted).

**{¶18}** Accordingly, we will review appellant's assignment of error for plain error.

**{¶19}** In *Whren v. United States* (1996), 517 U.S. 806, 116 S.Ct. 1769 the United States Supreme Court held:

**{¶20}** "The temporary detention of a motorist upon probable cause to believe that he has violated the traffic laws does not violate the Fourth Amendment's prohibition against unreasonable seizures, even if a reasonable officer would not have stopped the motorist absent some additional law enforcement objective." *Whren* at 806 116 S.Ct. at 1771. Less than one month later, the Ohio Supreme Court reached a similar decision in *City of Dayton v. Erickson* (1996), 76 Ohio St.3d 3, 665 N.E.2d 1091, 1996-Ohio-431. In *Erickson,* the Court stated:

**{¶21}** "Where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity." Id. at syllabus. However, the Ohio Supreme Court has emphasized that probable cause is not required to make a traffic stop; rather the standard is reasonable and articulable suspicion. *State v. Mays*, 119 Ohio St.3d 406, 894 N.E.2d 1204, 2008-Ohio-4538 at ¶ 23.

{¶22} Based on the above, neither the United States Supreme Court nor the Ohio Supreme Court considered the severity of the offense as a factor in determining whether the law enforcement official had a reasonable, articulable suspicion to stop a motorist. In fact, the Ohio Supreme Court stated that " * * * we conclude that where an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid *regardless of the officer's underlying subjective intent or motivation for stopping the vehicle in question.*" (Emphasis added.) *City of Dayton v. Erickson*, supra at 11-12, 665 N.E.2d 1091. See, also, *State v. Rice*, Fifth Dist. No. 2005CA00242, 2006-Ohio-3703 at ¶33-34; *State v. Rice* (Dec. 23, 1999), 5th Dist. No. 99CA48. If an officer's decision to stop a motorist for a criminal violation, including a traffic violation, is prompted by a reasonable and articulable suspicion considering all the circumstances, then the stop is constitutionally valid. *State v. Mays*, supra at ¶ 8.

{¶23} In *Mays*, supra the defendant argued that his actions in the case – twice driving across the white edge line – were not enough to constitute a violation of the driving within marked lanes statute, R.C. 4511.33. Id. at ¶ 15. The appellant further argued that the stop was unjustified because there was no reason to suspect that he had failed to first ascertain that leaving the lane could be done safely or that he had not stayed within his lane "as nearly as [was] practicable," within the meaning of R.C. 4511.33(A)(1). In rejecting these arguments, the Supreme Court noted, "the question of whether appellant might have a possible defense to a charge of violating R.C. 4511.33 is irrelevant in our analysis of whether an officer has a reasonable and articulable suspicion to initiate a traffic stop. An officer is not required to determine whether

someone who has been observed committing a crime might have a legal defense to the charge." Id. at ¶ 17.

{¶24} In the case at bar, appellant argues that the video of the traffic stop shows that in fact nothing at all fell off his car and that therefore there was no reason for the stop.

{¶25} However, Sergeant Glennon also testified that he observed two traffic violations where the appellant turned on two separate occasions without utilizing a turn signal. (T. at 7-8; 12-13).

{¶26} The judge is in the best position to determine the credibility of witnesses, and his conclusion in this case is supported by competent facts. See *State v. Burnside* (2003)*,* 100 Ohio St.3d 152, 154-55, 797 N.E.2d 71, 74. The fundamental rule that weight of evidence and credibility of witnesses are primarily for the trier of fact applies to suppression hearings as well as trials. *State v. Fanning* (1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583, 584. The Officer's testimony represents competent, credible evidence that appellant had committed two traffic violations. Therefore, the factual finding of the trial court that appellant committed two traffic violations is not clearly erroneous.

{¶27} Reviewing courts should accord deference to the trial court's decision concerning the credibility of the witnesses because the trial court has had the opportunity to observe the witnesses' demeanor, gestures, and voice inflections that cannot be conveyed to us through the written record, *Miller v. Miller* (1988), 37 Ohio St. 3d 71. In *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 81, 461 N.E.2d 1273, the Ohio Supreme Court explained: "[a] reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the

witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." See, also *State v. DeHass* (1967), 10 Ohio St.2d 230, syllabus 1.

**{¶28}** We accept the trial court's conclusion that appellant's violation of the traffic laws gave Sergeant Glennon reasonable suspicion to stop appellant's vehicle because the factual findings made by the trial court are supported by competent and credible evidence. Thus, the trial court did not err when it denied appellant's motion to suppress on the basis that the initial stop of her vehicle was valid. *State v. Busse,* Licking App. No. 06 CA 65, 2006-Ohio-7047 at ¶ 20.

**{¶29}** In the case at bar, we find no plain error affecting appellant's substantial rights.

**{¶30}** Accordingly, we overrule appellant's sole assignment of error.

**{¶31}** For the foregoing reasons, the judgment of the Cambridge Municipal Court of Guernsey County, Ohio, is affirmed.

By Gwin, P.J.,

Farmer, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____

WSG:clw 0811                          HON. JULIE A. EDWARDS
            IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

                         FIFTH APPELLATE DISTRICT


STATE OF OHIO                         :
                                      :
                Plaintiff-Appellee    :
                                      :
                                      :
-vs-                                  :          JUDGMENT ENTRY
                                      :
DAVID BENNETT                         :
                                      :
                                      :
                Defendant-Appellant   :          CASE NO. 2010-CA-34



        For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Cambridge Municipal Court of Guernsey County, Ohio, is affirmed.    Costs to

appellant.




                                      _____
                                      HON. W. SCOTT GWIN

                                      _____
                                      HON. SHEILA G. FARMER

                                      _____
                                      HON. JULIE A. EDWARDS